# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel |
| v. | : | Mag. No. 21-15000 |
| BOMANI DUNCAN | : | **CRIMINAL COMPLAINT** |

I, Nelson Medina, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

_Nelson Medina_
Nelson Medina, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Special Agent Medina attested to this Complaint by telephone pursuant to FRCP 4.1(b)(2)(A) on February 1, 2021 in the District of New Jersey

_Edward S. Kiel_
HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

## **COUNT ONE**

(Possession of a Firearm and Ammunition by a Convicted Felon)

On or about December 11, 2020, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**BOMANI DUNCAN,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County, did knowingly possess in and affecting commerce a firearm, namely a .45 caliber pistol, bearing serial number KU260904, and seven (7) rounds of .45 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Nelson Medina, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about December 11, 2020, law enforcement officers were patrolling an area of Newark that was experiencing an increase in violent crime. The officers observed a man, subsequently identified as Bomani Duncan ("DUNCAN"), who was wearing a black ski mask while standing next to an opened driver's side door of an occupied black sedan (the "black sedan").

2. The officers approached the black sedan, believing that they stumbled upon a carjacking in progress. As the officers walked towards DUNCAN and another man he was standing with next to the black sedan, one of the officers ("Officer-1") saw DUNCAN looking in several directions, as if DUNCAN was searching for a way to run from the officers. At this approximate time, Officer-1 observed that DUNCAN's hands were in his sweatshirt pocket.

3. Thereafter, Officer-1 frisked DUNCAN and recovered the following items from him: one .45 caliber pistol, bearing serial number KU260904 (the "Firearm"), and seven (7) rounds of .45 caliber ammunition (the "Ammunition").

4. The Firearm and Ammunition were manufactured outside of the State of New Jersey, and thus traveled in interstate commerce prior to DUNCAN's possession of the Firearm and Ammunition in New Jersey on or about December 11, 2020.

5. The Firearm was tested and found to be operable, that is, it is capable of, and designed to, expel a projectile.

6. On or about September 11, 2017, DUNCAN was convicted of the following crime in the Superior Court of New Jersey, Essex County: Unlawful Possession of a Handgun, a second-degree crime, in violation of N.J.S.A. 2C:39-5B, for which DUNCAN was sentenced to eight years' imprisonment.